367 So.2d 1 (1979)
STATE of Louisiana
v.
Robert HARRISON, Jr.
No. 62745.
Supreme Court of Louisiana.
January 29, 1979.
Harold Douglas, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Lance M. Africk, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.[*]
The defendant was convicted of two countsattempted second-degree murder, La.R.S. 14:30.1, and attempted manslaughter, La.R.S. 14:31arising out of the same gunfight, when he allegedly returned the fire of two police officers in an unmarked car. Upon his appeal, we find that his Assignment of Error 10 presents reversible error.
The assignment concerns grossly improper and prejudicial closing argument by the prosecutor, to which the defendant's counsel immediately objected and requested a mistrial. The trial court noted the objection, did not admonish the jury to disregard the statements, and denied a mistrial.
The undisputed context facts show: Prior to the shooting, the defendant Harrison drove up to a bar with two women companions. A car pulled up and its unidentified occupants commenced firing, wounding the two women, and drove off. The owner of *2 the barroom drove one of the wounded women to the hospital.
The shooting incident with the police, for which attempted first-degree murder charges were filed, occurred while the defendant Harrison was taking the other woman to the hospital.
Harrison was driving his automobile, tooting his horn, with a white rag hanging out the window, passing through red lights. He noticed two men in a light blue automobile chasing him. He testified he thought they were the persons who had earlier wounded the two women, so he attempted to elude it.
The pursuing car (in fact driven by policemen) pulled in front of the accused's vehicle, blocking the street. He then engaged in a gunfight with the men, whom he claims he did not know were policemen.[1]
We pretermit discussion of several other improper statement's in the prosecutor's rebuttal argument (such as an unfounded insinuation that the defendant's counsel had tampered with the evidence by placing an extra shell in the evidence envelope when it was given to him in open court), which themselves might have warranted reversal. We do so, because one particular objected-to portion of the argument was so grossly improper and prejudicial as to require reversal in itself.
By this portion of the argument (set forth in full in the Appendix to this opinion), the prosecutor sought to impeach the uncontradicted evidence as to the prior shooting at the barroom in which the defendant and his two women passengers were innocent targets. The prosecutor suggested (on alleged facts completely outside the record) that the defendant Harrison had himself started the earlier barroom shooting. The prosecutor then sought to excuse his own failure to bring out by sworn testimony this incident by explaining that he is not allowed to bring out evidence of another crime committed by the defendant. He concluded: "The only reason I didn't bring this up is because I am not allowed to."
The trial court erred in denying the defendant's motion for a mistrial based upon this grossly improper argument:
In the first place, even assuming that the earlier shooting incident had been provoked by the defendant, there is absolutely no evidence in the record to this effect. The argument must be confined to the evidence admitted, La.C.Cr.P. art. 774, and a mandatory mistrial is required, La.C. Cr.P. art. 770(2), when the prosecutor refers directly or indirectly to another crime committed or alleged to be committed by the defendant as to which evidence has not been admitted or is not admissible.
In the second place, when a prosecutor's argument prejudicially refers to matters allegedly within his personal knowledge as prosecutor but not in the evidence, reversible error results. State v. Kaufman, 304 So.2d 300 (La.1974). The reason is that this prejudicial type of argument improperly attempts to add to or subtract from the actual evidence in the record (only upon which may a conviction be based) solely through the influence of the prosecutor's official position: Due to respect for the prosecutor's personal knowledge and official expertise, the jury may give greater factual weight to his unsworn factual argument and consequently determine innocence or guilt on a basis of this rather than of the actual evidence properly introduced at the trial.
On appeal, the state's only excuse for this improper argument is its contention that the evidence of "other crimes committed by the defendant, i. e., the initial shooting of Doris Carter and her mother" (state's brief), had been introduced in evidence by the defendant.
*3 We have read and re-read the transcript. We can find no reference or indication whatsoever, either in direct or cross-examination, that the earlier shooting of the two women outside the barroom occurred otherwise than as Harrison and the two women testified: that unknown assailants drove up and commenced firing at the defendant Harrison and the two women occupants of his automobile, without any prior provocation by Harrison or, for that matter, any retaliatory action by him.
At best, the prosecutor's statements (indicating that Harrison had started the earlier shooting and committed an earlier crime) refer to evidence not in the record; at worst, they refer to an imaginary version of the incident. In either event, they are reversible, for the reasons earlier stated.

Decree
Accordingly, we reverse the defendant's convictions and sentences, and we remand this case for a new trial in accordance with law.
REVERSED AND REMANDED.
NOTES
[*] Chief Judge L. Julian Samuel participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.
[1] The officers were in the privately owned vehicle of one of them, with no siren or flashing lights. However, they were in uniform, prepared to go on a walking beat.

Appendix
The prosecutor's rebuttal argument (italics supplied) and the defense counsel's objection are set forth at Tr. 140-142:
[PROSECUTOR:]
. . . The only people who testified for the defendant were the defendant himself, the defendant's lady, and her mother. Nobody else told you anything, even about the shooting by the bar. No uninvolved people told you what happened on Law Street. Nobody told you that these three innocent people were getting out of a car and got shot by somebody who was in another car. The only people that have told you that, not that that's got that much to do with this case, but if we do take that into consideration, the only people who told you that story are people with a strong interest and relationship to the defendant. The bartender didn't come here and tell you anything. All you know is that the bartender wanted to take, according to one of the witnesses, the bartender wanted to take Doris Carter's mother to the hospital. Why? Because possibly because he didn't want to see Doris Carter's mother with Robert Harrison, didn't want to see her taking anymore chances of getting shot again, because Robert Harrison was probably the one who started the shooting there. Why didn't I bring that out on my direct examination? Because I'm not allowed to; the State is not allowed to bring out evidence of other crimes. That's why I didn'twhy my witnesses didn't tell you about that case, about what happened at a shooting at a bar somewhere else. Because even if we feel that he was the one that committed any kind of shooting there, even if we feel that he was the one that committed any kind of shooting there; even if we feel that we can convict him of that case; and even if we do convict him of that case, I can't bring that up to you because that's another crime. And, I can't tell you about that. He's given the choice to bring that up. He brought it up, and then, I can respond to it. But, I couldn't tell you that in the beginning. It's not like I was trying to hide something from you and I don't want you to believe that. The only reason that I didn't bring that up is because I was not allowed to.
O.K. Let's go into some other things about the case.
[DEFENSE ATTORNEY:]
Your Honor, I'd like to make an objection and ask for a mistrial based on the information and testimony, the argument made by the district attorney in reference to the possibility of some crimes being committed when there's no evidence in the record as to anything occurring, and he had the investigative powers to find these things out, and bring the people forward more than defense counsel had. And, I think he's misleading the jury. And, I think he's playing upon their prejudice; I think he's playing upon their emotions to try to convict a innocent man. And, I move for a mistrial based on that.