410 So.2d 224 (1982)
STATE of Louisiana
v.
Henry L. TAYLOR.
No. 81-KA-1571.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied March 12, 1982.[*]
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Bridget Bane, Michael Campbell, John Craft, Linda Bizzaro, Asst. Dist. Attys., for plaintiff-appellee.
Elizabeth W. Cole, John A. Murphy, David M. Dubin, and Bernard P. McSherry, of Tulane Criminal Clinic, New Orleans, for defendant-appellant.
BOUTALL, Justice Ad Hoc.[1]
Henry Taylor was charged with and convicted of the crime of aggravated rape, R.S. 14:42. He was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. He appeals urging four assignments of error.
*225 Assignments of error one and three are related to the judge's charge to the jury on the definition of "reasonable doubt." Prior to the charge, defense moved that "reasonable doubt" not be defined for the jury on the grounds that any definition would tend to confuse and obscure the concept rather than clarify it, and that a confusing definition would invite the jury to convict on a lesser standard of proof than it would otherwise require. In support of that proposition, the defendant refers us to the following authorities:

U.S. v. Lawson, 507 F.2d 433 (7th Cir. 1974); Commonwealth v. Wood, 404 N.E.2d 1223 (Mass.1980); People v. Gray, 80 Ill.App.3d 213, 35 Ill.Dec. 372, 399 N.E.2d 206 (Ill.App.1979); State v. Starr, 216 S.E.2d 242 (W.Va.1975); Templer v. State, 494 P.2d 667 (Okla.1972); People v. Cagle, 244 N.E.2d 200 (Mass.1969); Pierce v. State, 159 Tex.Cr.R. 504, 265 S.W.2d 601 (Tex.1954); Simmons v. State, 40 So.2d 289 (Miss.1949); Boutwell v. State, 143 So. 479 (Miss.1932); see additionally Wigmore on Evidence, Vol. 9, Section 2497, p. 316 (3rd Ed. 1940).
The simple answer to this contention is that Louisiana's Code of Criminal Procedure, Article 804, specifically permits the judge to give a definition of "reasonable doubt" or give any other or further charge upon the same than that contained in this article. See also State v. Henderson, 362 So.2d 1358 (La.1978).
As to the specific charge given[2], the defendant does not argue that any portion of it is in specific error, but points out that the charge may cause confusion and may lead the jurors to convict on a standard lower than that required by law. We agree that the charge is lengthy and to some degree repetitious, and that some of the statements, if taken alone out of context, may tend to create some apparent confusion, but taken as a whole, we conclude that reasonable persons of ordinary intelligence would have no problem in understanding the definition of "reasonable doubt." Accordingly, we find the assignment of errors to be without merit.
The next two assignments of error, numbers two and four, relate to a motion for mistrial based upon comments by the prosecutrix during rebuttal closing arguments concerning possible statements as to what a witness may have said outside the court.
To set the background, we note that the state produced two witnesses who had seen the man who perpetrated the rape. One, of course, was the victim herself, and the other was the victim's stepfather, Frank Wheeler. The victim had called Wheeler that morning and asked him to bring over a pack of cigarettes. When he arrived at her residence, he walked upstairs, knocked on the door and identified himself. Upon being *226 told that the victim had company, Wheeler placed the cigarettes on the door valance and started downstairs. During his departure, the man left the apartment, announced to Wheeler that "___ she wants you___" and passed Wheeler. Although Wheeler testified that he had a clear view of the man as he passed him, he also testified that when he was called to the lineup conducted by the police shortly after the defendant's arrest, he had identified the wrong man. The prosecutrix did not ask Wheeler whether he could identify in court the defendant as the man he had seen coming out of his step-daughter's apartment. On cross-examination, Wheeler testified that his misidentification was caused by the fact that Taylor had grown hair on his face.
During her closing argument on rebuttal, the prosecutrix made the following remarks, to which defense counsel objected and moved for mistrial:
".......... We keep coming back to Frank Wheeler. She really has the state on the horns of a dilemma. She uses this in her argument. She says, "Nobody asked Frank Wheeler whether he could identify that man over there as the one he saw coming out. He had misidentified him in the lineup, and I had a choice to make and that was my choice. Nobody did ask Frank Wheeler, and if we had asked Frank Wheeler, and he made the most positive identification in the world, and he said, `Boy, now I recognize that guy.' And, I'm not telling youI can't tell you what he said or did not say outside of this courtroom, but I can tell you that if the question had been asked and he said, `Yeah, that's him. Look at those eyes. Look at that beard. That's exactly the man.', she would have gotten up and said,_____"
Defendant's counsel objected to these statements as prejudicial contending that the clear inference of these remarks is that Mr. Wheeler told the prosecutrix out of court that the defendant was the individual he saw leaving the victim's house. He argues that the statements go well beyond the scope of the evidence and are prohibited by Article 774 of the Code of Criminal Procedure as well as prejudicially referring to matters within the personal knowledge of the prosecutrix but not in evidence as denounced in State v. Harrison, 367 So.2d 1 (La.1979), and State v. Kaufman, 304 So.2d 300 (La.1974).
It is apparent to us from the above quoted argument that defense counsel has misinterpreted the plain language of the prosecutrix's comment. The hypothetical nature of the prosecutrix's remarks are clear. She did not say what the witness had told her but was merely illustrating the nature of the dilemma faced by the State in its proof of identification and answering a point which had been brought up by the defense on argument. Defense counsel had pointed out that the prosecutrix had not asked Wheeler if the defendant was the man he saw coming from the house that day, noting that while the victim was on the stand she asked the victim several times if that was the man and stated that the prosecutrix did not ask Wheeler if this was the man, stating, "not a word because the answer would have been `no'." Thus, in her rebuttal argument, the proxecutrix sought to explain why she had not asked the question, observing for the jury that Wheeler's misidentification of the defendant at the lineup had effectively discredited any subsequent identification he might make and the defense counsel would have surely pointed out this fact. Although the prosecutrix's words may have been unwise, we do not conclude that they are prejudicial in the context in which the statements were uttered. We find no merit to these assignments of error.
For the reasons above stated, the conviction and sentence of Henry L. Taylor are affirmed.
AFFIRMED.
CALOGERO, J., dissents being of the view that assignments of Error 2 & 4 have merit.
DENNIS, J., dissents being of the opinion that the instruction on reasonable doubt was both misleading in its definition of reasonable doubt and insufficient in its failure *227 to inform the jury that reasonable doubt was being based on a lack of evidence. C.Cr.P. 804.
NOTES
[*] Dixon, C. J., Calogero and Dennis, JJ., would grant a rehearing.
[1] Judges John C. Boutall of the Court of Appeal, Fourth Circuit, and O. E. Price and Fred W. Jones, Jr., of the Court of Appeal, Second Circuit, participating in this decision as Associate Judges Ad Hoc, joined by Justices Calogero, Marcus, Dennis and Watson.
[2] If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit the accused. This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty, raised in your minds by reason of the unsatisfactory character of the evidence; one that would make you feel that you had not an abiding conviction to a moral certainty of the defendant's guilt. If, after giving a fair and impartial consideration to all of the facts in the case, you find the evidence unsatisfactory upon any single point indispensably necessary to constitute the defendant's guilt, this would give rise to such a reasonable doubt as would justify you in rendering a verdict of not guilty. The prosecution must establish guilt by legal and sufficient evidence beyond a reasonable doubt, but the rule does not go further and require a preponderance of testimony. It is encumbent upon the State to prove the offense charged, or legally included in the indictment, to your satisfaction and beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious doubt, for which you could give good reason. In order words, earlier in the case in the selection of the jury, I told you one of the things that you should consider in the definition of reasonable doubt is when you have a doubt and you can assign a reasongive a reason for that doubt. That is reasonable doubt.