439 So.2d 1178 (1983)
STATE of Louisiana
v.
Weldon MOORE.
No. KA-0735.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1983.
Writ Denied December 9, 1983.
Elizabeth Cole, New Orleans, for defendant-appellant.
Harry F. Connick, Dist. Atty., Orleans Parish, John H. Craft, Asst. Dist. Atty., Orleans Parish, Susan Scott Hunt, New Orleans, for plaintiff-appellee.
Before WARD, GULOTTA and BYRNES, JJ.
WARD, Judge.
The defendant, Moore, was convicted of violating La.R.S. 14:69, receiving stolen property, a Moped motorbike with a value of $770.00. He was sentenced under La. R.S. 15:529.1 as a second offender to serve 8 years at hard labor.
*1179 Although Moore has made three assignments of error, the issue in each one is whether the Trial Judge erred when he included in his charge to the jury a definition of "reasonable doubt." In his charge, the Trial Judge stated:
... The defendant is not required to prove his innocence, but may rest upon the presumption of innocence until it is overthrown by positive, affirmative proof presented by the state. The burden, therefore, ladies and gentlemen, is upon the State of Louisiana to establish to your satisfaction, and beyond a reasonable doubt, the guilt of the defendant as to the crime charged. If you entertain a reasonable doubt as to any fact or element necessary to constitute the guilt of the defendant, it is your sworn duty to give him the benefit of that doubt and find him not guilty. This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis, and not upon a mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty raised in your mind by reason of the unsatisfactory character of the evidence. Likewise, if the state has proved the guilt of the defendant, to your satisfaction, and beyond a reasonable doubt, you should return a verdict of guilty...
Moore argues that the charge has the effect of confusing the concept of reasonable doubt and of shifting the burden of proof away from the State and of violating his constitutional guarantees of due process and a fair trial. The State argues, however, that the charge was a permissible exercise of the discretion of the Trial Judge.
The Trial Judge's discretion to define "reasonable doubt" is specifically set out in La.Code of Criminal Procedure Art. 804:
A. In all cases the court shall charge the jury that:
* * * * * *
(3) It is the duty of the jury if not convinced of the guilt of a defendant beyond a reasonable doubt, to find him not guilty.
The court may, but is not required to, define "the presumption of innocence" or "reasonable doubt" or give any other or further charge upon the same than that contained in this article.

* * * * * *
Jury charges defining presumption of innocence and reasonable doubt have been recently analyzed in several cases by the Louisiana Supreme Court, and appellant Moore primarily relies for his claim of error on State v. McDaniel, 410 So.2d 754 (La. 1982). In that case, the Trial Court had instructed the jury that:
"* * * The burden is therefore upon the State to establish to your satisfaction and beyond a reasonable doubt the guilt of the defendant as to the crime charged in the Bill of Indictment or any lesser responsive verdict included in it. If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, then it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. This doubt must be a reasonable one, that is, one found upon a real, tangible substantial basis and not upon mere caprice, fancy or conjecture. It must be such a doubt that would give rise to a great uncertainty raised in your minds by reason of the unsatisfactory character of the evidence. It must be one that would make you feel morally uncertain as to the defendant's guilt. If after giving a fair and impartial consideration to all the facts in the case you find the evidence unsatisfactory upon any single point indispensibly necessary to constitute the defendant's guilt, this would give rise to such a reasonable doubt as would justify you in rendering a verdict of NOT GUILTY. However, you are prohibited by law and your oath from going beyond the evidence to seek for doubts upon which to acquit the defendant. You must confine yourselves strictly to a dispassionate consideration of the evidence presented upon the trial. You must not resort to extraneous facts or circumstances in reaching your verdict." [emphasis added] *1180 In finding that the charge in McDaniel was reversible error, the Court wrote:
First, although portions of the charge are correct, by redefining "reasonable doubt" as "a doubt that would give rise to a great uncertainty" and "one that would make you feel morally uncertain as to the defendant's guilt," the trial court's instruction created a reasonable possibility the jury was misled into applying an insufficient standard. Even when the phrase "great uncertainty" is viewed in the context of the whole charge it overstates the degree of uncertainty required for a reasonable doubt.
* * * * * *
"Morally uncertain" could be interpreted to mean that the uncertainty must be based on feeling, i.e., lack of moral indignation rather than a reasonable doubt about an essential fact.
* * * * * *
Second, that portion of the charge was clearly wrong by which the trial court prohibited the jury from "going beyond the evidence to seek for doubts upon which to acquit the defendant" and admonished it to confine itself to "consideration of the evidence presented upon the trial"....
In both State v. Taylor, 410 So.2d 224 (La.1982) and State v. Stramiello, 392 So.2d 425 (La.1981) the charge to the jury defined "reasonable doubt" as one which would "give rise to a grave uncertainty", and in each case, the Louisiana Supreme Court held that the charge was not erroneous or prejudicial. The "grave uncertainty" definition is the precise language used in the present case. The present charge is easily distinguishable from the jury charges in McDaniel. First, in addition to using "grave uncertainty" rather than "great uncertainty", in the instant case, there is no reference to "morally uncertain" and no implication that the uncertainty from which a reasonable doubt may arise must be based on a feeling or on moral indignation. Next, there is nothing in the instant charge which implies that a reasonable doubt cannot arise because of a lack of evidence: the charges in the instant case did not instruct the jury, as the charges in the McDaniel case did, that in reaching a verdict the jurors were to confine themselves to the evidence presented. As the Louisiana Supreme Court has said, the wisdom of attempting to define reasonable doubt in jury charges is questionable. However, we conclude in the instant case, when considering the charges as a whole, the jury charges were not erroneous.
Finally, although not assigned as error, we have reviewed the record for the sufficiency of the evidence in accordance with State v. Raymo, 419 So.2d 858 (La. 1982). The standard of review in direct evidence cases is set forth in Jackson v. Virginia, 343 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and in State v. Fuller, 414 So.2d 306 (La.1982). The reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
Moore was convicted of receiving stolen things under R.S. 14:69. In State v. Walker, 350 So.2d 176 (La.1977), the court enumerated the four essential elements that must be proven to sustain a conviction of this crime: (1) that the item was stolen; (2) that the item was of value; (3) that the defendant knew or should have known the property was stolen; and (4) that the defendant intentionally procured, received, or concealed the property.
The victim testified that his motorbike, a Moped, was taken from his carport on the date of the offense and he had not given anyone permission to take it. Moore testified that he had taken the motorbike without the owner's permission. That the motorbike was stolen was clearly proved. The State introduced the bill of sale to show the purchase price of the Moped, and the owner testified that the motorbike cost $770.00 when he purchased it two months before the offense. Therefore, the value of the stolen property was proved to be over *1181 $500.00, as charged in the bill of information.
Moore's own testimony that he took the Moped without the owner's permission proved both that he knew the property was stolen and that he intentionally procured and received the property. Therefore, all four elements of the crime of receiving stolen things, as set forth in Walker, supra, were proved by the State. The evidence, viewed in the light most favorable to the prosecution, could have led a rational trier of fact to find appellant guilty beyond a reasonable doubt.
The conviction and sentence are affirmed.