CIACCIO, Judge.
A unanimous twelve-person jury found defendant guilty as charged of armed robbery. The trial court sentenced defendant to serve ninety-nine years imprisonment. The defendant moved for and was granted an appeal. The district attorney then filed a bill of information alleging that defendant was a second felony offender having previously been convicted in federal court of bank robbery. Defendant admitted the allegations of the multiple bill. The trial court vacated the previously imposed sentence and imposed sentence pursuant to La.R.S. 15:529.1, sentencing defendant to serve ninety-nine years imprisonment.
On February 1, 1984, John Lyons was working as a security guard at the Ameri *1247 can Bank and Trust Co. on South Claiborne and Napoleon Avenues. Shortly after 9:00 a.m., John Lyons was sitting on a stool near the entrance to the bank. Someone walked up behind him and put a gun to his cheek. The gunman removed the security guard’s gun and instructed the bank tellers to put all the money on the counter in front of them. The security guard went to each of the three tellers, picked up the cash and brought it back to the gunman. The gunman stuffed some of the cash into his shirt and left.
John Lyons identified the defendant as the gunman who robbed the bank. Ms. Inez Navarre, the bank manager, Ms. Elaine Seay, a bank secretary, and Ms. Kay Trippi, a bank teller, also identified the defendant as the perpetrator. Also, film from the bank’s surveillance camera was retrieved and processed. This film showed scenes from the bank, in which the defendant was pictured as the perpetrator. All six of the State’s eyewitnesses identified pictures of the bank and the defendant made from this film.
Ms. Linda Cálice, a former girlfriend of the defendant, testified that on January 28, 1984, three days before the robbery, the defendant told her that he was going to rob a bank. When she saw a portion of the bank’s surveillance film that was shown on a television news broadcast, she reported to the police.
On appeal defendant has requested only that we review the record for “errors patent.” La.C.Cr.P. Art. 920. Our review for errors discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence has revealed only one error favorable to the defendant. That error affects his adjudication as a multiple offender and the resentencing thereunder only, and not his conviction. Having found no errors that affect his conviction, we affirm defendant’s conviction.
Our review revealed that an order of appeal was entered by the trial court prior to the proceedings in connection with the multiple bill and the resentencing thereunder. The issue raised by this set of circumstances has been considered by this court en banc, and by majority vote (with all three members of this panel dissenting) the court has decided that under the reasoning of State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983), and State v. Sharper, 383 So.2d 1248 (La.1980), the trial court is without jurisdiction to conduct multiple bill proceedings subsequent to entering an order of appeal. La.C.Cr.P. Art. 916; see State v. Felton, 482 So.2d 191 (La.App. 4th Cir.1986) Accordingly, defendant’s adjudication as a multiple offender and the sentence imposed on September 13, 1984, in connection with the multiple bill are vacated because we are constrained to hold that the trial court was without jurisdiction to conduct those proceedings. The sentence originally imposed on July 24, 1984, as a result of defendant’s conviction for armed robbery is reinstated. (Apparently the trial court also lacked jurisdiction to vacate this original sentence as it tried to do on September 13, 1985.)
Our review has revealed no error favorable to the defendant in connection with the original sentence. Accordingly, it is affirmed.

Conviction and Original Sentence Affirmed; Adjudication as a multiple offender and resentencing therefore, vacated.

WARD, J., concurs in part, dissents in part.