CIACCIO, Judge.
A twelve person jury found defendants guilty as charged of simple burglary of an inhabited dwelling, La.R.S. 14:62.2. The jury also found co-defendant Jarvis Davis guilty as charged. This court has already affirmed that conviction. State v. Davis, 463 So.2d 733 (La.App. 4th Cir.1985). The jury found co-defendant Byron Davis not guilty.
The court sentenced defendants and then granted their motion for appeal. The state filed bills of information under La.R.S. 15:529.1 charging each defendant with being a multiple offender. On the date set for the hearing defendants admitted the charges of their multiple offender status. The court vacated the sentences originally imposed and resentenced defendants pursuant to La.R.S. 15:529.1.
Defendants appeal on the basis of two assignments of error. Finding no merit to these assignments we affirm defendants’ convictions. Having found an error during our inspection of the pleadings and proceedings (La.C.Cr.P. Art. 920), however, we vacate the adjudication and resentencing of defendants as multiple offenders.
While working the night shift an employee of the St. Vincent’s Maternity Home observed a group of men across the street engaged in suspicious activity. From her third floor vantage point she watched the men, at one moment counting as many as six men who appeared to be together. Some of the men appeared to be acting as lookouts. The men would walk up and down the street, occasionally stopping to talk.
She noticed two men enter the alley which led to the entrance of 1524 Magazine Street. Other men remained on the street keeping watch. When one of the men who had entered the alley returned to the street with an armful of clothes still on hangers, she called the police.
The police first picked up Byron Davis, who was standing on the corner. They then proceeded to the middle of the block, to 1524 Magazine Street, where they saw *1270 four men coming out of the alley. When the men saw the police they separated by pairs and quickly moved away. The two police officers left their car to pursue the men on foot. One officer apprehended Octave Williams, the other man with him got away. The other officer apprehended Jarvis Davis and Tyrone Hall. No evidence or contraband was found in the possession of these men.
The officers returned to 1524 Magazine Street and found the front doorway broken through, the door frame having been separated from the wall. Various property lay at the foot of the stairway and the apartment had been ransacked. The apartment tenant arrived home and eventually determined that most of his clothes, a pair of shoes, some jewelry, and a television were missing.
By their first assignment of error defendants contend that the evidence is insufficient to support their convictions. Particularly, defendants point to the lack of fingerprint evidence or inculpatory statements by either defendant, that they were not found in possession of any evidence or contraband, and that the witness who had called the police could not identify them, having observed them from too great a distance. While any or all of this “missing” evidence would certainly have strengthened the prosecution’s case, none of it can be deemed essential.
Having reviewed the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found every essential element of the crime of simple burglary of an inhabited dwelling to have been proved beyond a reasonable doubt. See State v. Davis, supra at 735, and cases cited therein.
By their other assignment of error defendants argue the impropriety of the trial court’s jury instruction on reasonable doubt. Defendants consider “questionable” the following portion of the court's jury instruction:
... this doubt must be a reasonable one; that is, one founded upon a real, tangible, substantial basis, and not upon a mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty raised in your mind by reason of the unsatisfactory character of the evidence....
La.C.Cr.P. Art. 804 permits, but does not require the court to define “reasonable doubt” or give any other or further charge than that contained in the article. In this case the judge exercised his discretion and went beyond the language of Art. 804 to define “reasonable doubt” for the jurors. While the Louisiana Supreme Court has suggested the preferability of reading to the jury only the exact language of Art. 804, the judge’s efforts to illuminate for the jury the application of this most important standard will not constitute reversible error unless, viewing in context the entire instruction on “reasonable doubt”, there is a reasonable possibility that the jury was confused or misled into applying an insufficient standard. See State v. McDaniel, 410 So.2d 754 (La.1982).
That portion of the judge’s jury instruction cited by defendants and quoted above does contain phrases which the McDaniel court seized upon with disapproval. Such phraseology is relatively standard, however, and must be viewed in the context of the entire “reasonable doubt” instruction. See e.g. State v. Taylor, 410 So.2d 224 (La.1982); State v. Stramiello, 392 So.2d 425 (La.1980); State v. Moore, 439 So.2d 1178 (La.App. 4th Cir. 1983), writ denied, 443 So.2d 587 (La.1983). The jury instruction given in this case is virtually identical to the ones given and approved by the courts in Taylor and Moore, and lacks the deficiencies of the instruction reviewed in McDaniel. See the comparative analysis done by this court in State v. Moore, supra. Viewing in context the entire instruction on reasonable doubt we find that the instruction is not erroneous and did not cause any prejudice by confusing the jury or misleading the jury into applying an insufficient standard.
Defendants also rely on the holding of State v. Mack, 403 So.2d 8 (La.1981), *1271 wherein the court mandated a reading of La.C.Cr.P. Art. 804 as part of the jury instructions. Defendants’ reliance is misplaced. The court’s concern in Mack and subsequent cases relying on its holding was the failure of the instructions to the jury to permit the jury to consider “the lack of evidence in the case.” The trial judge in this case read to the jury the language of Art. 804, including the section covering “the lack of evidence.” The trial judge complied with the mandate of Mack.
Although not assigned as error by defendants, as noted above, when we reviewed the record of the pleadings and proceedings we discovered an error affecting the defendants’ adjudications and sen-tencings as multiple offenders. On the date the trial judge originally imposed sentence, he also granted the defendants’ motion for appeal. With only a few enumerated exceptions, granting an order of appeal divests the trial court of jurisdiction to conduct further proceedings. La.C.Cr.P. Art. 916.
This court has previously held that granting an order of appeal divests the trial court of jurisdiction to conduct proceedings under the provisions of La.R.S. 15:529.1. State v. Felton, 482 So.2d 191 (La.App. 4th Cir.1986); State v. Sparks, 483 So.2d 1246 (La.App. 4th Cir.1986). We must conclude, therefore, that when the trial judge adjudicated and resentenced defendants as multiple offenders, he was without jurisdiction to do so, because he had previously granted defendants’ orders of appeal. As noted in State v. Sparks, supra, the trial judge apparently also lacked jurisdiction to set aside the sentences originally imposed.
Accordingly, defendants’ convictions of simple burglary of an inhabited dwelling are affirmed. Their adjudications and sen-tencings as multiple offenders are set aside. The sentences originally imposed upon defendants’ convictions of simple burglary of an inhabited dwelling are reinstated and affirmed.
Convictions and original sentences affirmed; Adjudications and resentencings as multiple offenders, set aside.