516 So.2d 184 (1987)
STATE of Louisiana
v.
Essie HOLMES.
No. KA-6893.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
*185 William J. Guste, Jr., Attorney Gen., William B. Faust, III, Assistant Atty. Gen., Harry F. Connick, Dist. Atty., Joseph H. McCusker, III, Assistant District Atty., New Orleans, for plaintiff-appellee State of La.
Michael C. Thompson, Elizabeth W. Cole, Tulane Law Clinic, New Orleans, for defendant-appellant Essie Holmes.
Before SCHOTT, KLEES and WILLIAMS, JJ.
KLEES, Judge.
Defendant, Essie Holmes, was charged with armed robbery, a violation of La.R.S. 14:64, and with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. He was tried and convicted of armed robbery and sentenced to twenty (20) years at hard labor without the benefit of parole. The defendant later entered a guilty plea to the firearm possession charge. As a result of this guilty plea, he was sentenced to ten (10) years at hard labor without benefit of parole. He was further sentenced to pay a $1,000.00 fine or *186 serve one day in Parish Prison. A Multiple Bill hearing was then held on the armed robbery charge. The court found Holmes to be a multiple offender. It vacated the original twenty (20) year sentence and resentenced him to thirty-three (33) years at hard labor without benefit of parole. Both of the sentences were to run concurrently. From these sentences defendant appeals.
During the early morning hours on August 26, 1985, Patrick Hook, the victim, left work at Augie's Delago and was walking to his truck when a black male confronted him, pointed a gun at him and demanded his keys. Hook complied and then began to slowly walk backwards until he heard another person from a car tell him to stop. The person in the car drove off, and the man who held him up left in Hook's truck. Hook returned to Augie's Delago and the police were called. Kermit Green testified that he was in the car and drove off when Essie Holmes, the defendant, hit the victim and then drove off in the victim's truck. Green was driving down Robert E. Lee Blvd. toward Franklin Avenue when the car stalled. Shortly thereafter, Holmes drove by in the stolen truck. Green got in the truck and the two continued down Robert E. Lee Blvd. Officers Chaney Caruso and Darryl Dean were responding to the call when they saw the black Ford truck going down Robert E. Lee Blvd. The truck sped up and the police car made a u-turn to pursue. The two men abandoned the truck at the intersection of Music and Mexico Streets and fled on foot. Sergeant Franklin Borgerson stopped the two men, as they fit the description broadcast on the radio. They were arrested and returned to the truck. Patrick Hook was then transported to the scene, where he identified the defendant as one of the perpetrators. A gun was found placed in a tree nearby.
A review of the record for errors patent reveals that as a result of the guilty plea in violation of R.S. 14:95.1, the trial court sentenced Essie Holmes to ten (10) years at hard labor without benefit of parole or suspension of sentence. The court further ordered the defendant to pay a $1,000.00 fine or spend one day in Parish Prison in default of payment.
In State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985) this court noted that the necessity of appointing counsel from the Office of Public Defender to represent the defendant sufficiently established indigency. State v. Williams, 288 So.2d 319 (La.1974). The record in this case indicated that the Tulane Law Clinic represented the defendant. Thus, Holmes is considered indigent for purposes of sentencing.
A state may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). This rule was recognized in Louisiana in State v. Williams, supra. This court in State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986), followed the jurisprudence by deleting the portion of a sentence requiring additional jail time in lieu of paying a fine when the defendant is indigent, whether or not the additional time would exceed the maximum sentence.
Accordingly, we delete that portion of the sentence which imposes additional jail time in lieu of the payment of a fine.
Assignment of Error Number One
Defendant in his first assignment of error argues that the one-on-one identification procedure was unduly suggestive.
A defendant has two hurdles to overcome before an identification procedure will be suppressed. He must prove the identification was suggestive and the likelihood of misidentification as a result of the identification procedure. State v. Prudholm, 446 So.2d 729, 738 (La.1984); State v. Buchanan, 463 So.2d 660 (La.App. 4th Cir.1985); State v. Williams, 458 So.2d 1315 (La.App. 1st Cir.1984); State v. Neslo, 433 So.2d 73 (La.1983).
Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), enumerated five factors to be considered in determining whether an identification is suggestive:
*187 (1) the witness' opportunity to view the defendant at the time the crime was committed;
(2) the degree of attention paid by the witness during the Commission of the Crime;
(3) the accuracy of any prior description
(4) the level of the witnesses' certainty displayed at the time of identification; and
(5) the length of time elapsed between the crime and the identification.
Patrick Hook testified that he got a good look at the man who put the gun in his face. He testified that he was wearing a light-colored shirt and red long pants and was within an arm's length distance.
The identification of the defendant was not unduly suggestive merely because the identification was made near the abandoned, stolen truck and not at the scene of the theft. Hook testified that while on the way to make the identification the officer told him two suspects were apprehended. He also testified that the officer did not tell him where the two suspects were apprehended or that they were near the truck.
Further, in State v. Robinson, 404 So.2d 907 (La.1981), the Supreme Court held that an in-field identification made after the subjects were handcuffed and in police custody was permissible. In that case, a motion to suppress the identification was denied where the victims were shown the defendant in handcuffs immediately after his arrest following the robbery, and they made a positive identification of the suspect. The Court, citing State v. Dauzat, 364 So.2d 1000, 1002 (La.1978), stated that one reason for declining to disapprove such procedures is that they promote fairness by assuring reliability and the prompt release of innocent suspects. State v. Dunbar, 356 So.2d 956 (La.1978).
In the instant case, the identification was made within twenty (20) minutes of the commission of the crime. Hook identified the defendant Essie Holmes as the man who held him up and took his keys. He said he remembered him because he was the man that held the gun to him.
This is not a case of an identification resulting from impermissible suggestions leading to a likelihood of misidentification. This assignment of error lacks merit.
Assignment of Error Number Two
By this assignment of error, the defendant argues that the trial court's instruction to the jury defining "reasonable doubt" unduly lowered the State's burden of proof.
A trial judge's discretion to define "reasonable doubt" is set out in La.Code of Criminal Procedure Article 804.[1]
Appellant Holmes primarily relies on State v. McDaniel, 410 So.2d 754 (La.1982). In McDaniel, the Supreme Court reversed a rape conviction because they found that the jury instruction on reasonable doubt mislead and confused the jury. The charge read in part:
It must be such a doubt that would give rise to a great uncertainity raised in your minds by reason of the unsatisfactory *188 character of the evidence. It must be one that would make you feel morally uncertain as to the defendant's guilt. [Emphasis added]. Id. at 755.
The Supreme Court held that by redefining reasonable doubt in this manner, there was a possibility of misleading the jury by overstating the degree of uncertainty required for reasonable doubt. Also, the phrase "morally uncertain" indicated that there should be a "lack of moral indignation rather than a reasonable doubt about an essential fact." Id. at 756. Hence, the Supreme Court found the phrases "great uncertainty" and "morally uncertain" objectionable.
A jury charge is permissible if "reasonable persons of ordinary intelligence would have no problem in understanding the definition of `reasonable doubt.'" State v. Taylor, 410 So.2d 224, 225 (La.1982). The court found that although some of the statements taken alone and out of context may be confusing, but one must look at the instruction as a whole.
In the instant case the jury instruction read in part "A reasonable doubt is not a mere possible doubt. It's an actual or substantial doubt. It's a serious doubt, a doubt for which you can give a good reason." The defendant alleges that the use of the words "serious", "actual", and "substantial" render this jury instruction defective. However, in State v. Clark, 446 So. 2d 293 (La.1984), "serious doubt" was used, and in State v. Williams, 492 So.2d 1268 (La.App. 4th Cir.1986), the doubt was described as one founded upon a "real, tangible, substantial basis." Those instructions were found to be permissible.
The "reasonable doubt" definition given in this case is virtually identical to the one given and approved by the courts in Taylor and Williams. Also, it lacks the deficiencies of the instruction reviewed in McDaniel. Viewing in context the entire instruction on reasonable doubt, we conclude that the instruction was not erroneous and did not cause any prejudice by misleading the jury into applying an insufficient standard. This assignment of error lacks merit.
Assignment of Error Number Three
By this assignment of error, the defendant argues that the trial court erred in imposing an excessive sentence and failed to comply with La. Code of Criminal Procedure Article 894.1. While defendant was sentenced under the armed robbery conviction as a multiple offender, the court specifically noted that the thirty-three (33) year sentence was the absolute minimum he could give and was mandatory under the law. His statement is correct. Because this sentence is the minimum and the ten (10) year sentence under R.S. 14:95.1, is to run concurrently, we cannot say that they are excessive. This assignment has no merit.
Accordingly, for the reasons stated above, the defendant's convictions and sentences are affirmed, except that portion of the sentence under R.S. 14:95.1 which imposes additional jail time in lieu of the payment of a fine is deleted.
CONVICTIONS AFFIRMED SENTENCE AMENDED AND AS AMENDED AFFIRMED.
NOTES
[1] C.Cr.P. art. 804 reads:

A. In all cases the court shall charge the jury that:
(1) A person accused of crime is presumed by law to be innocent until each element of the crime, necessary to constitute his guilt, is proven beyond a reasonable doubt;
(2) It is the duty of the jury, in considering the evidence and in applying to that evidence the law as given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case; and
(3) It is the duty of the jury if not convinced of the guilt of a defendant beyond a reasonable doubt, to find him not guilty.
The court may, but is not required to, define "the presumption of innocence" or "reasonable doubt" or give any other or further charge upon the same than that contained in this article.
B. When there are several grades of an offense contained in a single count, the court shall charge the jury as to each grade of which the defendant could be found guilty. The court shall in that case also charge the jury that if it has a reasonable doubt as to any or all grades of the offense charged it shall find the defendant not guilty of that grade, or all grades of the offense, as the case may be.