BARRY, Judge.
The defendant was charged with simple burglary of an inhabited dwelling and convicted of unauthorized entry of an inhabited dwelling. La.R.S. 14:62.3. He was sentenced to six years at hard labor which were suspended with five years’ active probation, and ordered to pay restitution to the victim, $1,000 to the Criminal Court Operating Fund, $25 per month supervision fee, and $80 in court costs or 30 additional days in Parish Prison.
Robert Donaldson, who lived in apartment 425 at 1750 St. Charles Avenue, testified that from March, 1985 through May, 1985 cash was removed from an oak box he kept on a closet shelf in his bedroom and he complained to the manager. On May 3, 1985 he was leaving town and gave permission to the building manager, Lerlynn Hen-nessey, and the security chief, Arthur Grundmeyer, to set a trap for the thief. Ms. Hennessey testified that she and Grundmeyer placed $100 (five twenty dollar bills) in the oak box after they recorded the serial numbers and dusted the bills with florescent powder. The apartment doors were securely locked.
Mr. Donaldson stated that when he returned on the afternoon of May 5, 1985 the money was gone and he notified the security chief. Grundmeyer testified that he called in the two security guards on duty, Don Wattigny and Pluey Wattigney, and the maintenance man, Richard Washington, the defendant. Their hands were placed under a black light (provided by management to aid in the investigation). The guards’ hands were clear, but the defendant’s hands and the carpet rake he used showed traces of the florescent powder. The defendant was detained while Grund-meyer called the police.
At first the defendant denied everything. Later, in the presence of Hugh Wattigney and Grundmeyer the defendant turned over $80 (four twenty dollar bills) from his pocket and Grundmeyer contacted the manager. The serial numbers matched those on the planted bills and the money showed traces of the powder. Officer Gary Williams tes *394 tified he took the defendant into custody and took the oak box and the money to headquarters.
The defendant testified that on May 5, 1985 he was at work when he observed the door to apartment 425 ajar. He continued shampooing the carpet for about an hour and a half and saw the door was still open. He knocked on the door, announced himself, and got no reply, and allegedly went in to see if anyone was there. He thought the apartment might be corporate owned and looked in the closets for clothes. He testified he saw the oak box open on the dresser with the money. He exited the apartment, left the door open and finished work. Afterward he went back and claims he took the money to make certain that no one would take it and cause him to be blamed. When the defendant left the apartment he closed the door. He testified that he intended to give the money to the security personnel, but never did. He went to lunch and used one of the twenty dollar bills by accident. He conceded his two entries into the apartment were unauthorized, but maintains he never intended to steal the money. Several character witnesses testified.
In his only assignment the defendant argues that the trial court erred in its instructions to the jury on justification. The trial court’s charge defined unauthorized entry of an inhabited dwelling pursuant to the statutory definition and stated:
I would like to now read to you the law of justification. Law of justification is in the form of a defense. ‘The fact that an offender’s conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct.’ The defense of justification can be claimed under the following circumstances: ‘When for any reason the offender’s conduct is authorized by law.’[1]
That explanation was taken directly from La.R.S. 14:18(3).
The trial court declined to give two special charges pertaining to the affirmative defense requested by the defendant. Defendant’s Requested Jury Charge No. 7 provides:
The fact that the conduct of a person accused of a crime was justifiable, although otherwise criminal, shall constitute a defense to a prosecution based on that conduct.
Securing the property of another for the purpose of preventing its theft by others and doing so under the belief that the accused’s position or employment does not prohibit such activity is reasonable and justification for the offense charged. Requested Charge No. 8 read:
If the doctrine of JUSTIFICATION were excluded as a defense to this charge, and it is not, employees such as Mr. Washington, when confronted with the opportunity to secure property of another to prevent its theft, would find themselves between a rock and a hard place — possible job loss in the event of a preventable theft being the rock and the State Penitentiary the hard place.
After the charge was given and the jury removed, the court went through the rejected defense requested charges and noted the objections. As to Nos. 7 and 8 defense counsel stated:
And my objection is not that the Court didn’t instruct the jury on justification, but merely the jury was uninstructed as to what is justified under the law. The Court read that justification applies where authorized by law, and I feel that that is too vague for the jury to understand.
The jury returned to the courtroom with questions relative to lesser included crimes. A juror asked about the justification and character charge and the court re-read both charges. A juror again asked about justification. The trial judge explained that justification was a valid defense if the jurors found the defendant’s conduct was authorized by law or justified. A juror ex *395 pressed confusion and asked about justification for entry if a door is open. The court declared: “I can’t comment on the facts.”
After a question on authorization to enter a home, the court stated: “Authorization is a fact and a legal question.... You have to decide the facts. I can only give you the law. That’s all I can do.” The judge again read the law of justification.
A juror then asked that justification be explained in layman’s terms. The judge re-read the law of justification and expounded upon the concept of authorization by law:
My appreciation of that is that the defendant would have some legal authority for doing what he did; that is, that he would have some legal authority, permission, or consent to do what he in fact did.
Out of the jury’s presence the defense objected that the instruction had actually stated “that you can be justified in an unauthorized entry only if you’re authorized to enter.”[2]
The trial court is required to instruct the jury as to the law applicable to the case and every theory of defense supported by the evidence regardless whether the judge accepts the theory as true. State v. Garrison, 400 So.2d 874 (La.1981). See also State v. Johnson, 438 So.2d 1091 (La.1983). The defendant has a right to submit special written charges to the jury. The trial court must give a requested charge which does not require qualification, limitation or explanation and which is not included in the general charge or another special charge if it is wholly correct and pertinent. La.C.Cr.P. Art. 807; State v. Shilling, 440 So.2d 110 (La.1983).
The first sentence of Requested Charge No. 7 was included in the trial court’s general charge. The second sentence relates to the specific facts alleged by the defendant in his testimony. Requested Charge No. 8 contains a conjecture or hypothesis relative to employees like the defendant finding themselves in an impossible factual situation. La.C.Cr.P. Art. 806 clearly states a court “shall not charge the jury concerning the facts of the case....”
The defendant’s reliance upon State v. Miller, 338 So.2d 678 (La.1976) is misplaced. In Miller the trial court refused to give a requested charge on justification when the defendant’s version of a shooting was doubtful, and the Supreme Court reversed. Here the trial court correctly gave the instruction on justification almost verbatim from the statute.
The substance of the requested charges was either covered in the general charge or not wholly correct, would have required qualification, or concerned the facts of the case. We find no error in the court’s refusal to give the two requested charges.
The defendant also argues that the trial court failed to charge the jury that the defense of justification need only be proven by a preponderance of the evidence. Under La.C.Cr.P. Art. 802 the trial court “shall charge” the jury as to the law applicable to any defense theory which can be inferred from the evidence when the charge is properly requested. State v. Jackson, 450 So.2d 621 (La.1984). The defendant did not make a written request for such a special charge.
None of his thirteen requested charges related to the required proof of his defense. After the court charged the jury, the defense made several objections to certain portions of the instructions. However, the defendant did not object to the omission of an instruction as to the defense’s burden of proof. Failure to contemporaneously object precludes review on appeal. La.C.Cr. P. Art. 841; State v. Cruz, 455 So.2d 1351 (La.1984); State v. Hamilton, 459 So.2d 216 (La.App. 3rd Cir.1984).
This assignment lacks merit.
*396 We have reviewed the record for errors patent. We note the minute entry of the arraignment does not specifically state the defendant was present; however, on that day the trial court recalled an alias capias which had been issued for the defendant. Additionally, the entry also states the court advised the defendant of his rights under La.C.Cr.P. Art. 780. Therefore, we conclude that the defendant was present. Regardless, if there was error it was waived since the defendant went to trial without objection. La.C.Cr.P. Art. 555; State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir.1984).
The defendant, whose indigent status is established by his representation on appeal by the Orleans Indigent Defender Program, cannot be constitutionally sentenced to time in prison in default of payment of court costs. State v. Holmes, 516 So.2d 184 (La.App. 4th Cir.1987). That portion of the defendant’s sentence to serve 30 days additional time in default of payment of court costs is deleted.
The defendant’s conviction is affirmed. His sentence is affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.

. The original record in this case contains an entire trial transcript and a transcript of the jury charge portion. The two versions are not substantively different. The direct quotes are taken from the trial transcript.

. Outside of the jury's presence the trial judge explained to counsel that he felt that unless a person obtains specific authorization from someone in authority, he commits unauthorized entry of an inhabited dwelling when he goes into a house or apartment. Even if the person enters to do a good deed, he technically commits the crime. However, a good Samaritan would most likely not be prosecuted.