BECKER, Judge.
The defendant, Joe L. Jones, Jr., was charged by bill of information with armed robbery, a violation of R.S. 14:64. He entered a plea of not guilty at arraingment, however, a twelve member jury found the defendant guilty as charged. The defendant was thereafter sentenced to serve twenty years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals from this conviction and sentence relying on one assignment of error.
On June 19, 1989, Abraham Sturgis IV, drove to a nearby store at approximately midnight to purchase some cigarettes and drinks for his father who was recuperating at home from a recent hospital stay. Mr. Sturgis paid with a $50 bill and received approximately $40 in change. As he was entering his car, the defendant, who Mr. Sturgis knew from the neighborhood, approached Mr. Sturgis, pulled out a small revolver, and said, “Give it up.” Mr. Stur-gis handed over approximately $40 to the defendant.
After the defendant fled, Mr. Sturgis walked across the street to a pay phone and called the police to report the armed robbery. After waiting twenty or thirty minutes, he returned to his father’s house *974 where he again called 911 and reported the robbery. While waiting for the police to arrive, Mr. Sturgis went to the defendant’s grandfather’s house attempting to resolve the matter without police intervention. Mr. Sturgis was told, however, by Ms. Patty Bates, the defendant’s aunt, that the defendant was not home. When Mr. Stur-gis returned to his father’s house, the police had arrived. Officer Gerald Porteaus accompanied Mr. Sturgis to the defendant’s grandfather’s house. The officer was told by the defendant’s aunt that the defendant was not at home.
Three days later, Mr. Sturgis saw the defendant. The defendant fled and Mr. Sturgis called the police. The defendant returned and told Mr. Sturgis that his mother would pay back the $40 he had taken. Officer James Anderson arrived and arrested the defendant for armed robbery.
The defendant testified at trial that he did not rob Mr. Sturgis. Mr. Jones testified that Mr. Sturgis asked him about buying drugs and said that he had $40 to spend. The two men then drove together in the victim’s car attempting to purchase drugs. The defendant admitted leaving Mr. Sturgis in his car and leaving with the $40. The defendant stated that he purchased cocaine with the $40 but never gave the money or the drugs to Mr. Sturgis. The defendant’s aunt, Patty Bates testified that Mr. Sturgis came to her parents house and pulled a gun from his trunk and said that he would kill the defendant if he found him before the police did.
ERRORS PATENT
A review of the record for errors patent reveals that the minute entry from sentencing does not indicate if the defendant was present. However, the trial court has filed a per curiam stating that the defendant was present at sentencing thereby negating any possible error. There are no other errors patent.
"If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, if it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. IT MUST BE SUCH DOUBT A WOULD GIVE RISE TO A GRAVE UNCERTAINTY, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. IT IS AN ACTUAL SUBSTANTIAL DOUBT. It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a MORAL CERTAINTY.” State v. Cage, 554 So.2d 39, 41 (La.1989) (emphasis added by the U.S. Supreme Court).
ASSIGNMENT OF ERROR
The appellant contends that he is entitled to a new trial because the trial judge erroneously defined reasonable doubt to the jury.
In Cage v. Louisiana, — U.S. -, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the United States Supreme Court found that the jury charge defining reasonable doubt which used the phrases “grave uncertainty”, “actual substantial doubt”, and “moral certainty” could have led a reasonable juror to interpret the instruction “to allow a finding of guilt based on a degree of proof below that required by the due process clause.”[1] The Court stated:
It is plain to us that the words “substantial” and “grave,” as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard.
When those statements are then considered with the reference to “moral certainty,” rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.
The United States Supreme Court reversed the judgment of the Louisiana Supreme Court which had affirmed the defendant’s conviction and sentence.
*975 In the present case, the trial judge did not give the jury charge condemned in Cage v. Louisiana. The trial judge in the present case stated:
Even where the evidence demonstrates a probability of guilty, if it does not establish it beyond a reasonable doubt, you must acquit the accused. A reasonable doubt is not a mere possible doubt, it should be an actual or substantial doubt, such a doubt as a reasonable person would seriously entertain. It is a serious doubt for which you could give a good reason.
This charge does not use the phrases “grave uncertainty” and “moral certainty” which were condemned by the United States Supreme Court. The present jury charge invites the jurors to put themselves in the place of a reasonable person in determining whether a doubt is a reasonable doubt. Because the present jury charge does not contain two of the three phrases condemned by the United States Supreme Court, Cage v. Louisiana does not control the present case. Further, a nearly identical jury charge was upheld in State v. Holmes, 516 So.2d 184 (La.App. 4th Cir.1987). See also, State v. Clark, 446 So.2d 293 (La.1984); State v. Williams, 492 So.2d 1268 (La.App. 4th Cir.1986).
Because the present jury charge defines the term “reasonable doubt” so reasonable persons of ordinary intelligence would have no problem understanding that phrase, State v. Taylor, 410 So.2d 224 (La.1982), this assignment of error has no merit.
Therefore, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The entire relevant portion of the reasonable doubt instruction in Cage is as follows: