489 So.2d 268 (1986)
STATE of Louisiana
v.
Troy J. MILLER.
Nos. KA-3608, KA-4369.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*269 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Hon. Harry F. Connick, Dist. Atty., A. Hammond Scott, *270 Asst. Dist. Atty., New Orleans, for appellee.
Clyde Merritt, Dwight Doskey, Orleans Indigent Defenders Program, New Orleans, for appellant.
Before GULOTTA, WILLIAMS and ARMSTRONG, JJ.
GULOTTA, Judge.
Defendant Troy Miller appeals his conviction of first degree murder in violation of LSA-R.S. 14:30. We affirm.
On August 10, 1983, near the intersection of Royal and Esplanade Streets in New Orleans, after a purse snatching from a pedestrian, a passing cab driver was fatally shot by the perpetrators when he attempted to stop their escape.
Edward Williams later confessed to participating in the purse snatching and implicated Troy Miller as his accomplice who had fired the shots. A search of Miller's residence revealed a box of shells of the same type as that which had killed the cab driver.
After Williams and Miller were indicted for first degree murder, Williams pled guilty to manslaughter and testified against Miller. Miller was found guilty as charged and a life sentence imposed. It is from this conviction and sentence that Miller has appealed.

MOTION TO QUASH
Defendant first contends the trial judge erred in denying his motion to quash the bill of information charging first degree murder. According to Miller, the killing did not occur "in the perpetration of simple robbery" as charged since the perpetrators had taken the purse and were approximately a block away from the robbery victim when the cab driver was shot.
In State v. Anthony, 427 So.2d 1155 (La.1983), a conviction for first degree murder was affirmed where the homicide occurred during the defendant's flight after committing an aggravated burglary. Similarly, in State v. West, 408 So.2d 1302 (La.1982) a killing was committed in the perpetration of an armed robbery where the victim was robbed and taken to another location before being shot during this "single criminal incident".
In the instant case, because the homicide occurred during the defendant's flight from the robbery scene, we conclude that it occurred during the perpetration of the robbery and warrants an indictment for first degree murder.
This assignment of error lacks merit.

JURORS' OPPOSITION TO CAPITAL PUNISHMENT
In his second assignment of error, defendant contends the trial judge erred in excusing eight prospective jurors because of their conscientious opposition to capital punishment. According to defendant, the exclusion of these jurors resulted in the selection of a "guilt-prone" jury and denied him his right to a jury drawn from a cross-section of the population. We disagree.
At the outset, we note that defendant's argument is not applicable because the death penalty was not imposed in this case. State v. Edwards, 406 So.2d 1331 (La. 1981), cert. den., Edwards v. Louisiana, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). Furthermore, in State v. Lowenfield, 85-KA-0255 (La.1985), the Supreme Court held that excluding jurors for cause because of their views on capital punishment did not violate a defendant's Sixth Amendment right to a cross-sectional jury where jurors opposed to capital punishment had been included in the general venire and where the State had a legitimate interest in obtaining jurors who could follow the court's instructions and apply the law concerning capital punishment as charged.
This assignment lacks merit.

REHABILITATION OF JUROR
Defendant next contends the trial judge erred in refusing to allow him to rehabilitate a prospective juror whom the State challenged for cause after she stated that *271 she had formed an opinion as to defendant's innocence or guilt based upon what she had read in the newspaper before hearing any evidence in the case.
An accused's right to full voir dire examination includes the right to examine a prospective juror challenged for cause by the prosecution in order to demonstrate his or her impartiality. State v. Claiborne, 397 So.2d 486 (La.1981); State v. Shelton, 377 So.2d 96 (La.1979). LSA-C. Cr.P. Art. 800B provides, however, that an erroneous allowance to the State of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the State of more peremptory challenges than it is entitled to by law.
Although it appears the trial judge erred in refusing to permit the defense attorney to attempt to rehabilitate the prospective juror, the error is not reversible where the State exercised only six of its eight peremptory challenges. Under these circumstances, the defendant has no grounds for complaining that the prospective juror was improperly challenged for cause.

HEARSAY TESTIMONY
In his fourth assignment of error, defendant argues the trial judge erred in sustaining the State's objection to testimony from a police officer about the purse snatching victim's first description of the perpetrators. According to defendant, had he been allowed to question the officer fully about the victim's statements he could have shown that the victim had vacillated in her description and had actually given the officer a description of a different person.
A third party's testimony about a prior identification given to him by another person is inadmissible hearsay unless it falls within a statutory or well recognized exception to the hearsay rule. LSA-R.S. 15:434; State v. Broussard, 391 So.2d 1167 (La.1980); State v. Vaughn, 378 So.2d 905 (La.1979); State v. Ford, 336 So.2d 817 (La.1976); State v. Small, 427 So.2d 1254 (La.App. 2nd Cir.1983). In State v. Martin, 356 So.2d 1370 (La.1978), however, the Supreme Court, recognizing a divergence of authority, concluded that statements of identification might come under a broad exception to the hearsay rule.
Based on the above, we conclude that the trial judge erred when he restricted defendant's questioning of the police officer about what the robbery victim had told him about the appearance of the perpetrators. Nonetheless, because the robbery victim testified at trial concerning the description she gave the police, the defense counsel had ample opportunity to cross examine her on this issue. Furthermore, defendant's guilt did not rest solely on the robbery victim's identification but rather on the testimony of defendant's accomplice and other corroborating evidence. Under these circumstances, if indeed error exists, it was harmless.
This assignment of error lacks merit.

MOTION FOR MISTRIAL
Defendant further argues the trial judge erred in denying defendant's motion for a mistrial after the District Attorney prejudicially referred to the criminal record of one defendant's friends and implied defendant's guilt by association.
During questioning by the prosecution about his prior conviction for criminal mischief, defendant admitted paying a fine, but denied guilt of the prior offense.
"Q. So whatever you paid the fine for, you didn't do, did you?
A. No, sir.
Q. Just like your friend Terry Williams, who shot his girlfriend in the head."
The defendant thereupon moved for a mistrial based on the prosecutor's comments. The trial judge denied the motion for mistrial, but instructed the jury to disregard the question that was asked by the District Attorney. At the outset, we cannot overlook the impropriety of the questions by the State. In this connection, LSA-C.Cr.P. Art. 771 provides that upon the defendant's *272 request, the court shall promptly admonish the jury to disregard a prosecutor's irrelevant or immaterial remark or comment made during trial that might create prejudice against a defendant in the mind of the jury. In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial. A mistrial is a drastic remedy, however, and is warranted only where the error results in substantial prejudice for defendant. State v. Jarman, 445 So.2d 1184 (La.1984); State v. Belgard, 410 So.2d 720 (La.1982); State v. Melton, 456 So.2d 192 (La.App. 4th Cir.1984); State v. Payne, 482 So.2d 178 (La.App. 4th Cir.1986). The trial court's wide discretion in determining whether to grant a mistrial will not be disturbed absent a clear abuse of it. State v. Melton, supra.
In the instant case, the trial judge sustained the defense's objection to the prosecutor's statement and admonished the jury to disregard the remark. Considering the other incriminating evidence against the defendant and the trial judge's prompt response, we conclude that defendant was not prejudiced to such a degree as to be denied a fair trial. Accordingly, the trial court properly denied defendant's motion for mistrial.

DEFENDANT'S ARREST RECORD
In addition to presenting alibi witnesses, defendant presented eight character witnesses. Over defense objections, the State asked each character witness about defendant's prior arrests for public intimidation, aggravated battery, assault, and disturbing the peace. According to defendant, the trial judge erred by failing to follow State v. Johnson, 389 So.2d 372 (La.1980), which requires an inquiry by the judge (outside the presence of the jury) before allowing the introduction of evidence of prior convictions, arrests, or other misconduct.
When a defendant places his character in issue, the State may introduce evidence of his bad character in rebuttal, and may cross examine a defendant's character witness about his knowledge of the defendant's particular misconduct, prior arrests, or other acts relevant to the moral qualities pertinent to the defendant's crime. LSA-R.S. 15:481; State v. Rault, 445 So.2d 1203 (La.1984), cert. denied Rault v. Louisiana, ___ U.S. ___, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984); State v. Williams, 410 So.2d 217 (La.1982). Before allowing such cross examination about a prior arrest, the trial judge must conduct a preliminary inquiry to determine that the defendant was in fact previously arrested, and that the previous arrest would have been bruited about the community, that it concerned the specific trait involved in the instant offense and was not too remote in time, and that the prosecutor will conduct the examination in proper form, i.e., "have you heard", instead of "do you know". The trial judge should further inform the jury of the exact purpose in introducing evidence of the prior arrest. State v. Johnson, supra.
In the instant case, outside of the presence of the jury, the State showed the trial judge and the defense counsel a rap sheet of defendant's arrests for public intimidation, aggravated battery, assault, and disturbing the peace which indicated that defendant had a propensity for causing bodily harm. The State also attempted to show the trial judge that the defendant's moral character had been discussed in the community. The State presented the questions to the witnesses in the proper "have you heard" form, and the trial judge charged the jury that the defendant's prior record was for use only in deciding the weight to be given to his testimony as a witness.
Because the court properly followed the guidelines of State v. Johnson, supra, we find no merit to this assignment of error.

INSTRUCTIONS CONCERNING "REASONABLE DOUBT"
Defendant further contends the trial judge erred in his "beyond a reasonable doubt" instructions. Specifically, defendant argues that the trial judge improperly defined reasonable doubt as "a grave uncertainty raised in your minds by reason of *273 the unsatisfactory character of the evidence or lack thereof."
At the outset, we note that the defendant made no objection to the jury charge at the time it was given as required by LSA-C. Cr.P. Art. 801,[1] Nonetheless, assuming a timely objection was made, we find no reversible error.
The trial court's use of the phrase "a grave uncertainty" must be viewed in the context of the entire charge to the jury concerning the State's burden of proof and the definition of reasonable doubt.[2] In State v. Taylor, 410 So.2d 224 (La.1982), a similar charge, which defined reasonable doubt as "a doubt as would give rise to a grave uncertainty" was held not to be erroneous or prejudicial. See also State v. Stramiello, 392 So.2d 425 (La.1981); State v. Moore, 439 So.2d 1178 (La.App. 4th Cir. 1983), writ denied 443 So.2d 587 (La.1983).
In State v. McDaniel, 410 So.2d 754 (La. 1982), however, a charge defining reasonable doubt as one that "would give rise to great uncertainty ... by reason of the unsatisfactory character of the evidence" and "that would make you feel morally uncertain as to the defendant's guilt" was held to be misleading where the "great uncertainty" phrase overstated the degree of uncertainty required for a reasonable doubt and the "morally uncertain" phrase could be interpreted to mean that the uncertainty must be based on a lack of moral indignation rather than a reasonable doubt about a essential fact.
The entire instruction in the instant case, however, closely parallels the instructions given in State v. Taylor, supra, and does not contain the "morally uncertain" language found in the objectionable instruction in State v. McDaniel, supra. Under these circumstances, we distinguish McDaniel and conclude that a reasonable person of ordinary intelligence would understand the definition of reasonable doubt given in the instant case.
This assignment of error lacks merit.

INSTRUCTION ON USE OF PRIOR CONVICTIONS
Defendant further contends the trial judge erroneously instructed the jury that *274 prior convictions were to be used only in assessing the credibility of the defendant, instead of instructing that prior convictions were to be used in assessing the credibility of any witness.
The trial judge charged the jury that if it found the defendant had been convicted of other crimes it was not to consider his prior conviction as proof of his guilt of the present charge but to consider such conviction only in deciding the weight they were to give his testimony as a witness. The defendant's attorney objected and asked the judge to inform the jury that prior convictions applied not only to the defendant but to other witnesses in the case, including defendant's alleged accomplice, Edward Williams, who had testified against defendant. The trial judge denied the special charge on the grounds that he had already given the requested instruction.
Although we conclude the trial judge erred in failing to instruct the jury as requested by defendant, the error was harmless because the jury was aware that defendant's accomplice Edwards had prior convictions and had pled guilty to manslaughter in exchange for his testimony in the instant case. The trial judge further instructed the jury that they were to determine the credibility of witnesses by considering their demeanor, their interest in the outcome of the case, and every circumstance surrounding their testimony. Under these circumstances, though the trial judge should have further instructed the jury that prior convictions of a witness may be considered for impeachment purposes only, we cannot say this error was so prejudicial as to constitute grounds for reversing defendant's conviction.
This assignment of error lacks merit.

INSTRUCTIONS ON FIRST DEGREE MURDER
In his final assignment of error, defendant argues the trial judge erred in granting the State's requested jury instruction concerning first degree murder. Because we have concluded that defendant was properly charged with first degree murder in this homicide during the perpetration of robbery, we reject this contention. The trial court properly instructed the jury that in order to convict a defendant of first degree murder it must find that he had killed the victim, that he had acted with specific intent to kill or inflict great bodily harm, and that he was engaged in the perpetration or attempted perpetration of robbery.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-C.Cr.P. Art. 801 provides, in pertinent part:

"A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury."
[2] The trial court charged the jury as follows:

"Ladies and gentlemen, a defendant is presumed to be innocent until he is proven guilty beyond a reasonable doubt. The consequense of this rule of law is that the defendant is not required to prove his innocence, but may rest upon the presumption in his favor until it is overcome by positive affirmative proof. The burden, therefore, is on the State to establish the guilt of the accused to your satisfaction beyond a reasonable doubt. It is your duty as jurors to consider all the evidence and the lack of evidence in the case, and then, apply the law as given by the court. If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, yet, if it does not establish such guilt beyond a reasonable doubt you must quit the accused. However, this doubt must be a reasonable one; that is, one that is founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such doubt as would give rise to a grave uncertainty raised in your minds by reason of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. It is an actual or substantial doubt. It is a doubt that a reasonable man would seriously entertain. What is required is not an absolute or mathematical certainty, but a moral certainty. If, after giving fair and impartial consideration to all the facts in the case, you find the evidence unsatisfactory, or lacking upon any single point indispensably necessary to constitute the defendant's guilt, this would give rise to such a reasonable doubt as would satisfy you in rendering a verdict of not guilty. The prosecution must establish guilt by legal and competent evidence beyond a reasonable doubt. If you have a reasonable doubt as to any or all grades of the offense charged, you must find the defendant not guilty of that grade, or all grades of the offense, as the case may be."