GULLOTA, Judge.
Defendant appeals his conviction of first degree murder in violation of LSA-R.S. 14:30. We affirm.
Kevin Hollingsworth fatally wounded the victim after robbing him. He was sentenced to life imprisonment without benefit *245 of parole, probation, or suspension. Before turning to defendant’s assignment of error, we have examined the record for errors patent and have found none.
In his sole assignment of error, Hollings-worth contends the trial judge erred in excusing six prospective jurors (Wither-spoon excludables) because of their conscientious objection to capital punishment.
LSA-C.Cr.P. Art. 798(2) allows the State to challenge for cause any prospective juror who would vote against the imposition of the death penalty regardless of the evidence developed at trial or whose attitude toward the death penalty would prevent the juror from impartially deciding as to defendant’s guilt. This court, in State v. Miller, 489 So.2d 268 (La.App. 4th Cir.1986), followed the holding of the Louisiana Supreme Court in State v. Lowenfield, 495 So.2d 1245 (La.1985), concerning “Wither-spoon excludables”. In Miller, we concluded that the exclusion of jurors for cause who would not impose the death penalty was not a violation of the defendant’s Sixth amendment “right to a cross-sectional jury where jurors opposed to capital punishment had been included in the general venire and where the State had a legitimate interest in obtaining jurors who could follow the court’s instructions and apply the law concerning capital punishment as charged”. Furthermore, in a recent U.S. Supreme Court case, Lockhart v. McCree, — U.S. -106 S.Ct. 59, 88 L.Ed.2d 48 (1985), the Court held that “Witherspoon-excludables” in capital cases may be excluded without contravening any of the basic objectives of a fair cross section requirement for juries.
Lastly, we note that defendant’s argument is not applicable because the death penalty'was not imposed in the instant case. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, Edwards v. Louisiana, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982).
This assignment of error lacks merit. Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.