UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30279
Summary Calendar
_____

JERRALD WILSON,

                                        Petitioner-Appellee,

                    versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 97-CV-1551-LLM

_____

October 20, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    The respondent appeals from the judgment of the district court granting Jerrald Wilson's application for habeas corpus relief under 28 U.S.C. § 2254, and remanding Wilson's petition to the State either to re-try Jerrald Wilson or to release him from custody. The respondent argues that the judgment should be reversed because this case is controlled by the standard of review in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as applied in *Muhleisen v. Ieyoub*, 168 F.3d 840 (5th Cir.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1999). Under *Muhleisen*, prisoners whose convictions were final at the enactment of the AEDPA had one year from April 24, 1996 to file petitions for habeas relief and avoid the heightened standard of review under the AEDPA, which precludes relief if a state court's determination of law was consistent with United States Supreme Court precedent existing when the prisoner was convicted. *See Muhleisen*, 168 F.3d at 844. Because Wilson's claim is barred by an adequate and independent state procedural rule, the district court could not grant habeas relief, and we reverse the district court without reaching this issue.

Wilson's petition was timely filed. The district court deemed the petition to have been filed within the 1 year limitations period of the AEDPA because it was dated April 22, 1997, and stamped as tendered for filing on April 24, 1997, on the date of the deadline for prisoners whose convictions were final at the AEDPA's passage. We review the district court's findings of fact for clear error. *See Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). The court's finding that the petition was filed on April 24 is not clear error. Furthermore, this court applies the "mail box rule" for pleadings submitted by prisoners acting pro se, and the date on which prison officials receive the pleading is deemed the time of filing for limitations purposes. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

In *Muhleisen* we applied the AEDPA standard of review to affirm the district court's denial of relief to a petitioner whose state-court conviction became final before a challenged jury instruction

was declared unconstitutional in *Cage v. Louisiana*, 498 U.S. 39 (1990). *Muhleisen*, 168 F.3d at 844-45. In doing so, the *Muhleisen* opinion implies that the *Cage* issue was adjudicated on the merits in the state court. However, in Wilson's case the district court's judgment was not based on the AEDPA standard of review. The district court concluded that the AEDPA standard of review did not apply to Wilson's petition, because the state court had determined that Wilson's *Cage* claim was procedurally barred and thus the claim was not "adjudicated on the merits in State court proceedings" for purposes of the AEDPA. 28 U.S.C. § 2254(d). Since the state courts did not adjudicate the merits of Wilson's petition, federal review is not precluded by 28 U.S.C. § 2254(d).

A state procedural bar to habeas review resting on the failure to lodge a contemporaneous objection constitutes an adequate and independent state ground that forecloses federal habeas review. *See, e.g, Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995). Louisiana's contemporary objection rule constitutes an adequate and independent state ground for denying federal habeas review of a *Cage* claim that a "reasonable doubt" jury instruction ran afoul of the Due Process clause of the Fourteenth Amendment. *See Muhleisen v. Ieyoub*, 168 F.3d 840, 843 (5th Cir. 1999). The Louisiana Supreme Court denied Wilson's application for post-conviction relief without explanation, and the Louisiana Fifth Circuit Court of Appeal denied his application on the ground that his *Cage* claim was procedurally barred because his defense counsel failed to lodge a contemporaneous objection at his trial in 1988. *Cage* was decided

3

in 1990.  Since the Louisiana Supreme Court denied Wilson's application without explanation, the last reasoned state court decision on the matter was that of the Louisiana Fifth Circuit Court of Appeal, which applied the state procedural bar.  When a state court does not give grounds for its decision, a federal court should assume that the court relied on the same grounds as the last reasoned state court decision.  *See Ylst v. Nunnemaker*, 501 U.S. 797,803 (1991).  Accordingly, we presume the Louisiana Supreme Court denied Wilson's application on the basis of the procedural bar.

Federal review is available in spite of a prior decision's resting on adequate and independent state grounds if the petitioner can show cause for the default and actual prejudice as a result. *Reed v. Ross*, 468 U.S. 1, 11 (1984); *Amos*, 61 F.3d at 339.  The cause requirement is satisfied when petitioner's defense counsel failed to raise a constitutional objection for which there was "no reasonable basis in existing law" at the time, the novelty of the potential claim depriving counsel of a reasonable basis to assert the claim.  *Reed*, 468 U.S. at 14-15.  This court has determined that habeas relief on the basis of *Cage* error is available for prisoners whose convictions were final when *Cage* was decided.  *See Humphrey v. Cain*, 138 F.3d 552 (5th Cir. 1998)(en banc).

Wilson has not shown cause for his procedural default.  The Supreme Court has found that "[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel

4

against labeling alleged unawareness of the objection as cause for procedural default." *Engle v. Isaac*, 456 U.S. 107, 134 (1981). The constitutional stature of the reasonable-doubt standard was well established long before Wilson's trial. *See In re Winship*, 397 U.S. 358, 364 (1970). *In re Winship* provided defense counsel with a legal basis for challenging jury instructions that defined "reasonable doubt" on the grounds that the instructions reduced the state's burden of proof, violating the defendant's right to due process of law. Decisions in a variety of procedural contexts in federal and Louisiana courts demonstrate that objections to jury instructions defining "reasonable doubt" were raised during the late 1980s, when Wilson was tried. *See, e.g., Bumpus v. Gunter*, 635 F.2d 907, 909-10 (1st Cir.), *cert. denied*, 450 U.S. 1003 (1981); *Lanigan v. Maloney*, 853 F.2d 40, 42 (1st Cir.), *cert denied*, 488 U.S. 1007 (1989); *Rogers v. Carver*, 833 F.2d 379, 382-83 (1st Cir.), *cert. denied*, 485 U.S. 937 (1988); *People v. Yang*, 800 F.2d 945, 947-48 (9th Cir. 1986); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir.), *cert. denied*, 474 U.S. 1081 (1986); *State v. Cage*, 554 So.2d 39, 41 (La.), *rev'd*, 498 U.S. 39 (1990); *State v. West*, 552 So.2d 478, 480 (La. Ct. App.), *rev'd*, 568 So.2d 1019 (La. 1990); *State v. Flank*, 537 So.2d 236, 241 (La. Ct. App. 1988); *State v. Miller*, 489 So.2d 268, 274 (La. Ct. App. 1986). That many of these efforts were unsuccessful is of no consequence: "the futility of presenting an objection to the state courts cannot alone constitute cause for failure to object at trial." *Engle*, 456 U.S. at 130.

Absent a showing of cause and prejudice, habeas review is barred in federal courts when an adequate and independent state procedural ground precludes review of a claim. *Wainwright v. Sykes*, 433 U.S. 72, (1977). Since Wilson has not shown cause for his procedural default, the district court erred in granting him habeas relief.

REVERSED.