985 So.2d 266 (2008)
STATE of Louisiana
v.
William TAYLOR.
No. 07-KA-869.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2008.
*267 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Juliet Clark, Kia Habisreitinger, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
On June 10, 2005, the Jefferson Parish District Attorney's Office filed a bill of information charging the defendant, William Taylor, with possession with intent to distribute MDMA, a violation of LSA-R.S. 40:966(B)(2); possession with intent to distribute marijuana, a violation of La.R.S. 40:966(B)(3); and possession of Hydrocodone, a violation of LSA-R.S. 40:967(C). At his arraignment, the defendant pled not guilty. After a two-day trial, the jury returned a verdict of guilty as charged on all three counts. After the delays in sentencing were waived, the trial judge sentenced the defendant on count one to five years at hard labor without benefit of parole, probation, or suspension of sentence; on count two to five years at hard labor; and on count three to two years at hard labor. The trial judge ordered that all three sentences run concurrently with each other, and that the defendant be given credit for time served. After the sentencing, the defendant orally moved for reconsideration of his sentence, which the trial court denied.
For the following reasons, we affirm the decision of the trial court.
FACTS
This discussion will be limited to those facts adduced at trial which are relevant to the assignment of error raised by the appellant.
On the night of the defendant's arrest an investigating officer was called to the scene of an alleged burglary at the defendant's apartment. After canvassing the premises, the officer found a shoebox beneath the defendant's apartment window. He opined that the shoebox appeared to be "fresh," i.e., that it had not been under the bush for any length of time. A blue pill slipped out of a vent hole as the officer moved the box. When he opened the box, the officer observed what appeared to be a large quantity of narcotics. The box contained a Louisiana driver's license or State identification card belonging to the defendant, blue pills, two clear plastic bags and several little brown or black bags containing green vegetable matter, commonly known as marijuana.
Agent David Canas of the Jefferson Parish Sheriff's Office Narcotics Division testified that at the scene he saw the shoebox that contained 49 small black baggies and two clear bags all containing green vegetable *268 matter, 88 round blue-colored tablets, and a Louisiana driver's license belonging to the defendant. The defendant claimed that he did not know where the shoebox came from and that he had never seen or touched it. Crime scene technicians however, successfully removed prints from the box. The defendant asked Agent Canas if they obtained a print. After Agent Canas replied affirmatively and asked the defendant whose print he thought it would be, the defendant replied that it might be his print. The defendant admitted that the shoebox was brought to his apartment by a friend and had been at his apartment for approximately one week. No match however, was ever found for the print.
Subsequently, the defendant gave Agent Canas permission to search his residence. Agent Canas testified that he found several hand rolled cigars containing green vegetable matter that tested positive for marijuana, a small plastic baggie in the trash can that contained a small portion of green vegetable matter that tested positive for marijuana, a tablet on the computer desk identified as hydrocodone, a small golden-colored box containing four pink-colored tablets that tested positive for Ecstasy and a little clear bag that contained green vegetable matter that tested positive for marijuana. After Agent Canas advised the defendant about the drugs he found in his apartment, the defendant admitted that all the drugs and a few of the cigars containing marijuana were his. However, the defendant maintained that he knew nothing about how the shoebox got under the bush or its contents. The narcotic evidence found at the scene was sent to the crime lab, and the defendant was arrested.
During the trial, the defense called Mattie Bornwell, the defendant's aunt, to testify as a fact witness. She cared for the defendant after his mother died. She testified that he graduated from John Ehret High School in 2004 and worked two jobs and continued to live with Bornwell while he completed two semesters of college at the University of New Orleans. The defendant received a student loan to pay for college and another loan to pay for his car, a 1993 Oldsmobile. Bornwell testified that she sold the defendant's 1993 Oldsmobile to hire an attorney to represent him in this case.
Bornwell testified that she went to the defendant's apartment on the night of the incident, after her nephew called her crying. She was aware that the defendant was on probation for a marijuana conviction when he was arrested. However, Bornwell believed that the defendant was illegally arrested on the current occasion. She testified that she would be surprised to learn that illegal substances, i.e., hydrocodone, loose marijuana, Ecstasy, and marijuana blunts, were found in the defendant's apartment. Bornwell testified that the defendant told her he had drugs in his apartment which the police found. Bornwell admitted that she did not know about the defendant's involvement with drugs. She claimed that she knew the defendant as a working person who also went to school. However, she admitted that she knew the defendant smoked marijuana.
ASSIGNMENT OF ERROR
The defendant's sole assignment of error on appeal is that the judge erred in permitting the state to question the defendant's fact witness, Mattie Bornwell concerning the defendant's criminal history. The defendant contends that this line of questioning exceeded the scope of permissible cross-examination, essentially permitting the introduction of inadmissible other crimes evidence. We disagree.
First, the defendant failed to properly preserve this issue for appeal. *269 Defense counsel failed to make an objection pursuant to La.C.Cr.P. art. 841, contemporaneous with the prosecution's cross-examination. State v. Ruiz, 06-1755 (La.4/11/07), 955 So.2d 81, 87. According to art. 841, an irregularity or error cannot be availed of after a verdict unless it was objected to at the time of the occurrence. State v. Noil, 01-521 (La.App. 5 Cir. 12/26/01), 807 So.2d 295, writ denied, 02-0276 (La. 10/25/02), 827 So.2d 1177.
The defense also failed to request a mistrial or seek an admonition to the jury after the prosecutor began her questioning of Ms. Bornwell. The appropriate remedy for the improper admission of other crimes evidence is either a motion by the defendant for a mistrial or an admonition to the jury to disregard the remark or comment. La.C.Cr.P. art. 770. The failure of the defense to move for a mistrial is a waiver of the error. State v. Sterling, 95-673 (La.App. 5 Cir. 2/27/96), 670 So.2d 1316. Accordingly, the defendant is procedurally barred from raising the issue on appeal. Furthermore, if the error is waived, any subsequent discussion on the merits of the issue is merely dicta.
Even assuming the issue had been properly preserved for appeal, appellant's assignment of error is meritless. The defendant alleges that it was error to permit the introduction of evidence concerning the defendant's criminal history before he testified. During the presentation of its case, the defense called Mattie Bornwell, identified as the defendant's aunt, to testify regarding the defendant's current living situation, i.e., in school, pursuing two jobs, driving an old vehicle. Prior to the direct examination of Ms. Bornwell, the trial judge reminded defense counsel that questions regarding general reputation in the community, such as those asked of this witness would open the door for questions from the state regarding prior acts. Despite the court's warning, the defense proceeded with questioning the witness about her knowledge of the defendant's general reputation in the community.
On cross-examination, the state specifically asked the witness if she was aware that her nephew "was on probation when he was arrested?" When probed further, the alleged "fact witness" testified that her nephew was in fact on probation for a previous marijuana conviction. At no time during this testimony did the defense object to the questioning.
The introduction of evidence of "good character" places character at issue, thereby permitting the state to cross examine the defendant's character witness about his or her knowledge of the defendant's particular conduct, prior arrests, or other acts relevant to the moral qualities pertinent to defendant's crime and to introduce evidence of the defendant's bad character in rebuttal of the testimony of the defendant's character witness. State v. Rault, 445 So.2d 1203 (La.1984), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984); State v. Kelly, 576 So.2d 111 (La.App. 2 Cir.1991), writ denied, 580 So.2d 666 (La.1991); State v. Miller, 489 So.2d 268 (La.App. 4 Cir. 1986), writ denied, 496 So.2d 1030 (La.1986).
As this Court previously stated in State v. Sterling, 95-673 (La.App. 5 Cir. 2/27/96), 670 So.2d 1316 there are procedural safeguards which must be followed in order to regulate the state's examination of a character witness. Specifically, the trial judge must conduct a hearing to determine whether the prosecutor has sufficient grounds for cross-examining the character witness as to defendant's prior bad acts or crimes, and that the examination will be conducted in the proper form. Id. at 1323, citing, State v. Johnson, 389 So.2d 372 (La.1980).
*270 According to the defense, the purpose of Ms. Bornwell's testimony was to show that the defendant could not have had the intent to distribute narcotics. What defense neglects to use in its argument is the word "character." Defense counsel essentially argued, though he would not use the term, that the defendant's character precluded him from having the intent necessary to be a major drug dealer. He was a good kid with two jobs, seeking an education, and driving an old car, according to the testimony. The trial judge, however, properly informed defense counsel that the testimony to be elicited from Ms. Bornwell was in fact testimony regarding the defendant's character. The questions submitted to this fact witness clearly opened the door to the prosecution's cross-examination. The testimony elicited by the state from Ms. Bornwell about the defendant's prior conviction was therefore properly admitted.
ERROR PATENT DISCUSSION
The defendant requests an error patent review. This Court routinely reviews the record for errors patent regardless of whether the defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). There are no errors patent requiring corrective action.
The record reveals that the trial judge imposed an illegally lenient sentence. Both LSA-R.S. 40:966(B)(2) and (3) require that, in addition to a term of imprisonment, the trial court impose "a fine of not more than fifty thousand dollars." In the present case, the trial court did not impose a fine for the defendant's convictions for either the violation of LSA-R.S. 40:966(B)(2) or LSA-R.S. 40:966(B)(3). Thus, the defendant's sentence is illegally lenient.
This issue, however, was not raised by the state in the trial court or on appeal. We therefore, decline to correct the illegally lenient sentence. State v. Paul, 05-612 (La.App. 5 Cir. 2/14/06), 924 So.2d 345, 357.
AFFIRMED.